

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington DC, 20530*

December 5, 2024

**By Email**
Christopher M. Davis, Esq.
Davis & Davis
1350 Connecticut Avenue Northwest
Suite 202
Washington, D.C. 20036
cmdavisdc@gmail.com

Re:     United States v. Corey Whittico
        Case No. 24-CR-13 (JDB)

Dear Mr. Davis:

This letter sets forth the full and complete plea offer to your client, Corey Whittico (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on December 9, 2024. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

**1.     <u>Charges and Statutory Penalties</u>**

Your client agrees to plead guilty to the sole count of the January 4, 2024, Indictment (ECF No. 1), which charges him with a violation of 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year).

Your client understands that a violation of 18 U.S.C. § 922(g)(1) carries a maximum sentence of 15 years' imprisonment, pursuant to 18 U.S.C. § 924(a)(8); a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and §5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2024) (hereinafter "Sentencing Guidelines," "Guidelines," or "USSG"), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

### 2.    Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3.    Additional Charges

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### 4.    Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.    Estimated Offense Level Under the Guidelines

The parties have reserved the right to litigate the application of certain guideline sections to the Court at the sentencing phase. Specifically, the government asserts that the base offense level is 22, *see* USSG §2K2.1(a)(3), because it believes your client's 2023 robbery conviction in the Circuit Court for Prince George's County, Maryland, is a "crime of violence" as that term is defined by the guidelines, *see* USSG §4B1.2(a). Your client asserts that the base offense level is 20, USSG §2K2.1(a)(4)(B), because he does not believe his Maryland robbery conviction is a "crime of violence." In terms of specific offense characteristics, the government asserts that there is preponderant evidence that your client "used or possessed any firearm or ammunition in connection with another felony offense" and that the four-level enhancement under USSG §2K2.1(b)(6)(B) therefore applies. Your client disputes the application of this enhancement. The parties' respective offense-level calculations are set forth below.

The government asserts that the following guideline sections apply:

| | | |
|---|---|---|
| Base Offense Level | USSG §2K2.1(a)(3) | **22** |
| Specific Offense Characteristics | USSG §2K2.1(b)(6)(B) (used in felony) | **4** |
| | Total | **26** |

Your client asserts that the following guideline sections apply:

| | | |
|---|---|---|
| Base Offense Level | USSG §2K2.1(a)(4)(B) | **20** |
| Specific Offense Characteristics | None | |
| | Total | **20** |

### Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to USSG §3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to USSG §3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to USSG §3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to USSG §3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least **23** (under the Government's calculation) or **17** (under your client's calculation).

### B.    Estimated Criminal History Category

Based upon the information now available to this Office, including the January 8, 2024, Pretrial Services Report (ECF No. 6), your client has at least the following criminal convictions:

| Convictions | Jurisdiction | Case No. | Date & Sentence | Points |
|---|---|---|---|---|
| Robbery | Circuit Court for Prince George's | C-16-CR-22-000058 | 4/14/2023: 10 years' imprisonment, with 8 years and 6 months suspended, | **3 points** §4A1.1(a) **1 point** §4A1.1(d) |

| Convictions | Jurisdiction | Case No. | Date & Sentence | Points |
|---|---|---|---|---|
| | County, Maryland | | and 3 years' probation | |
| Elude/Disregard Police (Felony) | Fairfax County, Virginia, Circuit Court | FE-2021-0000850 | 09/16/2022: 2 years' imprisonment, with 1 year, 11 months, and 27 days suspended, and 2 years' probation | **1 point**<br><br>§4A1.1(c) |
| Unlawful Possession of a Firearm | Superior Court of the District of Columbia | 2020 DEL 000650 | 12/11/2020: Committed to the Department of Youth Rehabilitation Services for 1 year | **2 points**<br><br>§4A1.1(b);<br>§4A1.2(d)(2)(A) |
| Unlawful Possession of a Firearm; Possession of a Large Capacity Ammunition Feeding Device | Superior Court of the District of Columbia | 2020 DEL 000447 | 12/11/2020: Committed to the Department of Youth Rehabilitation Services for 1 year | **2 points**<br><br>§4A1.1(b);<br>§4A1.2(d)(2)(A) |
| Second-Degree Theft; Simple Assault | Superior Court of the District of Columbia | 2019 DEL 000065 | 5/16/2019: 7 months' probation | **1 point**<br><br>§4A1.1(c);<br>§4A1.2(d)(2)(B) |
| **Total** | | | | **10 points** |

Accordingly, your client is estimated to have 10 criminal history points and your client's Criminal History Category is estimated to be V (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached, and your client's criminal history points may increase or decrease.

C.    **Adjustment Based on USSG §4C1.1**

The parties agree that your client is **not** eligible for a zero-point offender adjustment pursuant to USSG §4C1.1(a)(1) because your client will receive criminal history points as set forth above.

D.    **Estimated Guidelines Range**

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is as follows (the "Estimated Guidelines Range").

Based on the above, the government estimates that one of the below Sentencing Guidelines ranges will apply at sentencing (the "Estimated Guideline Range").

| Base Offense Level | §2K2.1(b)(6)(B) Enhancement (Use in Felony) Applies? | Total Offense Level (After -3 for AOR) | Estimated Guidelines Range |
|---|---|---|---|
| 22 | Yes (+4) | 23 | 84 to 105 months |
| 22 | No | 19 | 57 to 71 months |
| 20 | Yes (+4) | 21 | 70 to 87 months |
| 20 | No | 17 | 46 to 57 months |

In addition, the parties agree that, pursuant to USSG §5E1.2, should the Court impose a fine, the Guidelines provide for the fines listed in the below table. Your client reserves the right to ask the Court not to impose any applicable fine.

| Total Offense Level | Estimated Fine Range |
|---|---|
| 23 | $20,000 to $200,000 |
| 21 | $15,000 to $150,000 |
| 19 | $10,000 to $100,000 |
| 17 | $10,000 to $95,000 |

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Adjustment Pursuant to USSG §4C1.1" section above and "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a Guidelines range different from the Estimated Guidelines Range is applicable, or

that your client is not eligible for an adjustment pursuant to USSG §4C1.1, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5.    Agreement as to Sentencing Allocution

The Government agrees to cap its sentencing recommendation at the lesser of (i) the high end of the Guidelines range determined by the Court at the time of sentencing and (ii) a term of 87 months' imprisonment. The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

### 6.    Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the

Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 7.    Court Not Bound by this Agreement or the Sentencing Guidelines

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8.    Conditions of Release

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case, pursuant to 18 U.S.C. § 3143.

### 9.    Waivers

#### A.    Venue

Your client waives any challenge to venue in the District of Columbia.

#### B.    Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of

limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### C.    Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.    Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claims that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release,

authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.    Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c).

### 10.    Forfeiture

The Government and your client hereby agree that the following items seized and currently in the custody and/or control of law enforcement were properly seized and were involved in or used in violation of federal law:

- A Glock 27 .40 caliber semi-automatic firearm bearing serial number MKG491, 17 rounds of .40 caliber ammunition, and a machinegun conversion device; and
- A Glock 45 9-millimeter semi-automatic firearm bearing serial number BRKL244 and 26 rounds of 9-millimeter ammunition.

Your client agrees that these items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of the property by the United States. As such, your client hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States and/or the District of Columbia and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraw any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property, your client hereby consents to its destruction by and/or abandonment to the law enforcement agency. Your client certifies that he is the sole owner of the property listed above, and that no one else has an ownership interest in the property.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture/destruction carried out in accordance

with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 11.    Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 12.    Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense and returning both to me no later than December 9, 2024.

Sincerely yours,

Matthew M. Graves
United States Attorney

By:

Paul V. Courtney
Kyle R. Mirabelli
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I, Corey Whittico, have read every page of this Agreement and have discussed it with my attorney, Christopher M. Davis, Esq. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 12/7/24

Corey Whittico
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Corey Whittico, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12-7-24

Christopher M. Davis, Esq.
Attorney for Defendant Corey Whittico